**CARTEE v. BUCK et al.**

Court of Appeals of Kentucky.

Feb. 19, 1954.

Rehearing Denied June 23, 1954.

W. H. Hooks and Diederich & Lycan, Ashland, for appellant.

Baxter Arnett, Ashland, for appellees.

Dysard & Dysard, W. H. Dysard, Ashland, O. F. Duval, Olive Hill, for appellant.

H. R. Wilhoit, Grayson, for appellees.

CAMMACK, Justice.

C. S. Cartee instituted this action against the appellees to collect the balance on a $3850 note which they had signed as sureties for Haskell Jarvis. The appeal is from a judgment on a verdict in favor of the appellees.

Jarvis was County Clerk of Carter County when the note was executed. It was prepared at his direction by his Deputy Clerk, Mrs. Dorothy Meighan. The sureties were Willie Buck, County Judge, Kay Reynolds, Tax Commissioner, and W. E. Stevens, Sheriff. The note was on a standard Commercial Bank of Grayson form. A line had been drawn through the name of the Commercial Bank and C. S. Cartee's name had been written therein. The figures "$3850" appeared in the upper left-hand corner of the note, but the amount was not written in the body thereof. Mrs. Meighan said she prepared the note at Mr. Jarvis's direction, and that all of the entries on the note were in her handwriting. She said she could not recall whether Mr. Cartee's name had been written in the place of that of the Commercial Bank before or after the appellees signed the note.

The appellees refused payment on the ground that the note contained no promise to pay a certain sum of money and the name of the payee had been changed after the sureties signed the note and without their knowledge. The court gave the following instruction:

"The jury will find for the plaintiff, C. S. Cartee, a verdict for $3903.22, unless the jury believes from the evidence that the note sued on was altered, without the knowledge or consent of the defendants after the defendants signed the note, by changing the name of the payee from Commercial Bank of Grayson to C. S. Cartee, and if they do so believe, they will find for the defendants."

On this appeal Cartee insists that (1) the testimony of the appellees as to the alteration was not sufficient to warrant the submission of the case to the jury, and also their testimony was incompetent; (2) the instruction was so worded that the jury need only believe that the note did not contain Cartee's name when the appellees signed it; (3) the instructions failed to make it clear that the jury could find against one or more of the appellees, and that a finding need not be made against all of them; and (4) incompetent evidence was admitted.

The primary question in the case is, Who had the burden of proving the existence of knowledge or consent, or lack thereof, on the part of the defendants, the accommodation indorsers, to the material alteration in the note? The uncontradicted proof of the appellees was that the name of the Commercial Bank was in the note when they signed it. There was

proof also that the Bank refused to make the loan to Jarvis, so he had Mrs. Meighan strike out the name of the Bank as payee and insert Cartee's name therein. Jarvis had executed a mortgage to Cartee for $3850 the day before the note was executed. Cartee's testimony stands uncontradicted that his name appeared as payee of the note when it was delivered to him.

When the payment of a note is defended on the ground of a material alteration, the burden is on the defendant to show the alteration. When an alteration is shown, the burden then shifts to the plaintiff to explain the circumstances surrounding the alteration. Denny v. Darraugh, 212 Ky. 655, 279 S.W. 1069. In the case before us the question does not go to the issue of material alteration, since the evidence showed how and when it was made. Our question is, Who had the burden of proving knowledge or consent of the alteration, or lack thereof, on the part of the signers of the note? If they had knowledge of the alteration, or consented to it, they would not be relieved of liability. Newport Coal Co. v. Ziegler, 255 Ky. 429, 74 S.W.2d 561. Cartee had the burden of showing that his name had been inserted in the place of that of the Commercial Bank with the knowledge and consent of the appellees. Chesnut v. Allen, 282 Ky. 703, 139 S.W.2d 729. The question was one for the jury and we think the instruction given by the court properly covered the case.

We believe also that the testimony of the appellees as to the language contained in the note at the time they signed it was competent. Likewise, Mrs. Meighan's testimony was directed to the entries she made on the note. It is true that Mr. Jarvis, now deceased, was the maker of the note, but this of itself would not make the testimony concerning the preparation and execution of the note relate directly to transactions with a deceased person. Furthermore, Mr. Cartee testified that the note was payable to him and that he paid $3850 in cash on the note. We are not prepared to say that any error occurred on the trial which was prejudicially erroneous to the appellant's substantial rights.

Judgment affirmed.